UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DREW ALLEN WARD,<br><br>    Defendant. | CASE NO. MJ23-219<br><br>DETENTION ORDER |

<u>Offenses charged</u>:

   1. Distribution of Fentanyl

<u>Date of Detention Hearing</u>:   May 17th, 2023.

     The Court, having conducted a detention hearing pursuant to 18 U.S.C. §3142(f) and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

     <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

   1.    Defendant has been charged with a drug offense, the maximum penalty of which

DETENTION ORDER
PAGE -1

is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. § 3142(e). Defendant is charged with distributing large amounts of fentanyl from Washington to Hawaii via the mail. According to the government, when his residence in Washington was searched, a large amount of fentanyl powder was seized. Defendant has a significant criminal history reflecting repeated convictions for controlled substance distribution.

2. Defendant is a risk of non-appearance because he has almost no ties to the charging district and has unstable employment. Defendant is a risk of danger to the community because of the nature of the alleged offenses, his extensive criminal history, and ongoing addiction to controlled substances.

3. There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

1. Defendant shall be detained pending transfer to the District of Hawaii, and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a

court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United State Probation Services Officer.

DATED this 18th day of May, 2023.

*S. Kate Vaughan* (signature)
S. KATE VAUGHAN
United States Magistrate Judge

DETENTION ORDER
PAGE -3